IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANTHONY SAN MIGUEL, and AARON SOLIZ, Individually and On Behalf of All Others Similarly Situated, | § § § § § § | |
| Plaintiff, | § § | |
| v. | § § | No. _____ |
| MURPHY DISTRIBUTION, INC., d/b/a INTERSTATE INDUSTRIAL & FLEET SERVICES, d/b/a INTERSTATE COLLISION & SERVICE CENTER; and DON MURPHY, Individually, | § § § § § § § | JURY TRIAL DEMANDED |
| Defendants. | § § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiffs Anthony San Miguel and Aaron Soliz (collectively referred to as "Plaintiffs") and brings this collective action and lawsuit on behalf of themselves and all other similarly situated employees to recover unpaid overtime wages from Defendants Murphy Distribution, Inc., d/b/a Interstate Industrial & Fleet Services, Interstate Collision & Service Center, and Don Murphy, Individually, (collectively referred to as "Defendants" or "Interstate"). In support thereof, they would respectfully show the Court as follows:

## I.      Nature of Suit

1.      Plaintiffs' claim arises under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

2.      The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers … ."  29 U.S.C. § 202(a).  To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage, and record keeping requirements for covered employers.  29 U.S.C. §§ 206(a), 207(a), 211(c).

3.      Defendants violated the FLSA by employing Plaintiffs and other similarly situated nonexempt employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [they are or were] employed."  29 U.S.C. § 207(a)(1).

4.      Defendants violated the FLSA by failing to maintain accurate time and pay records for Plaintiffs and other similarly situated nonexempt employees as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

5.      Plaintiffs bring this collective action under 29 U.S.C. § 216(b) on behalf of themselves and all other similarly situated employees to recover unpaid overtime wages.

## II.      Jurisdiction & Venue

6.      The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because it arises under the FLSA, a federal statute.

7.     Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(1), (2) because Defendants resides in the Houston Division of the Southern District of Texas and/or a substantial part of the events or omissions giving rise to the claim occurred in the Houston Division of the Southern District of Texas.

### III.     Parties

8.     Anthony San Miguel is an individual who resides in Harris County, Texas and who was employed by Defendants during the last three years.

9.     Aaron Soliz is an individual who resides in Harris County, Texas and who was employed by Defendants during the last three years.

10.    Defendant Murphy Distribution, Inc. d/b/a Interstate Industrial & Fleet Services is a domestic corporation that may be served with process by serving its registered agent, Don W. Murphy, at 4201 Langley, Houston, Texas 77093. Alternatively, if the registered agent of Defendant cannot with reasonable diligence be found at the company's registered office, Defendant may be served with process by serving the Texas Secretary of State pursuant to TEX. BUS. ORG. CODE § 5.251 and TEX. CIV. PRAC. & REM. CODE § 17.026.

11.    Murphy Distribution, Inc. d/b/a Interstate Collision & Service Center is a domestic corporation that may be served with process by serving its registered agent, Don W. Murphy, at 4201 Langley, Houston, Texas 77093.  Alternatively, if the registered agent of Defendant cannot with reasonable diligence be found at the company's registered office, Defendant may be served with process by serving the Texas Secretary

of State pursuant to TEX. BUS. ORG. CODE § 5.251 and TEX. CIV. PRAC. & REM. CODE § 17.026.

12.     Defendant Don W. Murphy, is an individual who may be served with process at 4201 Langley, Houston, Texas 77093 or wherever he may be found.

13.     Whenever it is alleged that Defendants committed any act or omission, it is meant that the Defendants' officers, directors, vice-principals, agents, servants or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendants or was done in the routine and normal course and scope of employment of the Defendants' officers, directors, vice-principals, agents, servants or employees.

## IV.     Facts

14.     Defendants own and operate a blasting and painting company within the territorial jurisdiction of this Court.

15.     Defendants employed Anthony San Miguel as a laborer during the three years preceding the filing of this lawsuit.

16.     Defendants employed Aaron Soliz as a laborer during the three years preceding the filing of this lawsuit.

17.     During Plaintiffs' employment with Defendants, they were engaged in commerce or in the production of goods for commerce.

18.     During Plaintiffs' employment with Defendants, the companies were an enterprise engaged in commerce because they (1) had employees engaged in commerce or in the production of goods for commerce or had employees handling, selling or

otherwise working on goods or materials that had been moved in or produced for commerce by others and (2) had an annual gross volume of sales made or business done of at least $500,000.

19.    During Plaintiffs' employment with Defendants, they regularly worked in excess of forty hours per week.

20.    Defendants knew or reasonably should have known that Plaintiffs worked in excess of forty hours per week.

21.    Defendants paid Plaintiffs a fixed amount of money per job which did not take into consideration the total number of hours worked each week.

22.    Defendants did not pay Plaintiffs overtime as required by 29 U.S.C. § 207(a)(1) for the hours they worked in excess of forty per week.

23.    Defendants knew or reasonably should have known that Plaintiffs were not exempt from the overtime provisions of the FLSA.

24.    Defendants failed to maintain accurate time and pay records for Plaintiffs and other similarly situated nonexempt employees as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

25.    Often, Plaintiffs' regular rates fell below the minimum wage in violation of 29 U.S.C. § 206(a)(1).

26.    Defendants knew or showed a reckless disregard for whether its pay practices violated the FLSA.

27.    Defendants are liable to Plaintiffs for their unpaid overtime wages, liquidated damages and attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

28.    All laborers employed by Defendants are similarly situated to Plaintiffs because they (1) have similar job duties; (2) they are not paid for all hours worked at the minimum wage in violation of 29 U.S.C. § 206(a)(1); (3); regularly work in excess of forty hours per week; (4) are not paid overtime for the hours they worked in excess of forty per week as required by 29 U.S.C. § 207(a)(1) and (5) are entitled to recover their unpaid overtime wages, liquidated damages and attorneys' fees and costs from Defendants pursuant to 29 U.S.C. § 216(b).

## V.    Count One—Failure To Pay The Minimum Wage for All Hours Worked in Violation of 29 U.S.C. § 206(a)

29.    Plaintiffs adopt by reference all of the facts set forth above.  *See*, FED. R. CIV. P. 10(c).

30.    During Plaintiffs' employment with Defendants, they were nonexempt employees.

31.    As a non-exempt employee, Defendants were legally obligated to pay Plaintiffs for all hours worked at the minimum wage.  29 U.S.C. § 206(a)(1).

32.    Defendants paid Plaintiffs a fixed amount of money per job which did not take into consideration the total number of hours worked each week.

33.    As a result, Plaintiffs' regular rates dropped below the minimum wage.

34.    If Defendants classified Plaintiffs as exempt from the minimum wage requirements of the FLSA, they were misclassified because no exemption excuses their noncompliance with the minimum wage requirements of the FLSA.

35.     Defendants knew or showed a reckless disregard for whether their pay practices violated the minimum wage requirements of the FLSA.   In other words, Defendants willfully violated the minimum wage requirements of the FLSA.

**VI.     Count Two—Failure To Pay Overtime in Violation of 29 U.S.C. § 207(a)**

36.     Plaintiffs adopt by reference all of the facts set forth above.  *See*, FED. R. CIV. P. 10(c).

37.     During Plaintiffs' employment with Defendants, they were nonexempt employees.

38.     As nonexempt employees, Defendants were legally obligated to pay Plaintiffs "at a rate not less than one and one-half times the regular rate at which he [was] employed[]" for the hours that they worked over forty in a workweek.  29 U.S.C. § 207(a)(1).

39.     Defendants paid Plaintiffs a fixed amount of money per job which did not take into consideration the total number of hours worked each week.

40.     Defendants failed to pay Plaintiff for the hours they worked over forty in a workweek at one and one-half times their regular rate.

41.     If Defendants classified Plaintiffs as exempt from the overtime requirements of the FLSA, they were misclassified because no exemption excuses Defendants' noncompliance with the overtime requirements of the FLSA.

42.     Defendants knew or showed a reckless disregard for whether its pay practices violated the overtime requirements of the FLSA.  In other words, Defendants willfully violated the overtime requirements of the FLSA.

## VII.   Count Three—Failure To Maintain Accurate Records in Violation of 29 U.S.C. § 211(c)

43.     Plaintiffs adopt by reference all of the facts set forth above.  *See*, FED. R. CIV. P. 10(c).

44.     The FLSA requires employers to keep accurate records of hours worked by nonexempt employees.  29 U.S.C. § 211(c); 29 C.F.R. pt. 516.

45.     In addition to the pay violations of the FLSA described above, Defendants also failed to keep proper time records as required by the FLSA.

## VIII.   Count Four—Collective Action Allegations

46.     Plaintiffs adopt by reference all of the facts set forth above.  *See*, FED. R. CIV. P. 10(c).

47.     On information and belief, other employees have been victimized by Defendants' violations of the FLSA identified above.

48.     These employees are similarly situated to Plaintiffs because (1) they have similar job duties; (2) they are not paid for all hours worked at the minimum wage in violation of 29 U.S.C. § 206(a)(1); (3) they regularly work in excess of forty hours per week; (4) they are not paid overtime for the hours they worked in excess of forty per week as required by 29 U.S.C. § 207(a)(1); and (5) they are entitled to recover their unpaid regular and overtime wages, liquidated damages and attorneys' fees and costs from Defendants pursuant to 29 U.S.C. § 216(b).

49.     Defendants' policies or practices of failing to pay the minimum wage and overtime compensation are generally applicable policies or practices and do not depend on the personal circumstances of the putative class members.

50.     Since, on information and belief, Plaintiffs' experiences are typical of the experiences of the putative class members, collective action treatment is appropriate.

51.     All employees of Defendants, regardless of their rates of pay, who were not paid at a rate not less than one and one-half times the regular rates at which they were employed for the hours that they worked over forty in a workweek are similarly situated. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.  The Class is therefore properly defined as:

 All laborers employed by Defendants during the last three years.

52.     Defendants are liable to Plaintiffs and the other laborers for the difference between what it actually paid them and what it was legally obligated to pay them.

53.     Because Defendants knew and/or showed a reckless disregard for whether its pay practices violated the FLSA, the company owes Plaintiffs and the other laborers their unpaid overtime wages for at least the last three years.

54.     Defendants are liable to Plaintiffs and the other laborers in an amount equal to their unpaid overtime wages as liquidated damages.

55.     Defendants are liable to Plaintiffs and the other laborers for their reasonable attorneys' fees and costs.

56.     Plaintiffs have retained counsel who is well versed in FLSA collective action litigation and who is prepared to litigate this matter vigorously on behalf of them and all other putative class members.

## IX.    Jury Demand

57.     Plaintiffs demand a trial by jury.

## X.    Prayer

58.     Plaintiffs prays for the following relief:

    a.   An order allowing this action to proceed as a collective action under 29 U.S.C § 216(b);

    b.   Judgment awarding Plaintiffs and the other laborers all unpaid overtime compensation, liquidated damages, attorneys' fees and costs;

    c.   Prejudgment interest at the applicable rate;

    d.   Postjudgment interest at the applicable rate;

    e.   All such other and further relief to which Plaintiffs and the other laborers may show themselves to be justly entitled.

Respectfully Submitted,
MOORE & ASSOCIATES

By:  s/ Melissa Moore
     Melissa Moore
     State Bar No. 24013189
     Federal Id. No. 25122
     Curt Hesse
     State Bar No. 24065414
     Federal Id. No. 968465
     Lyric Center
     440 Louisiana Street, Suite 675
     Houston, Texas 77002
     Telephone: (713) 222-6775
     Facsimile: (713) 222-6739

**ATTORNEYS FOR PLAINTIFFS**